IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

| | | |
|---|---|---|
| SHIQUITA BRACEY, | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No: 3:14cv238-MPM-SAA |
| | ) | |
| DELTA TECHNICAL COLLEGE, | ) | |
| LLC, MIDWEST TECHNICAL | ) | |
| INSTITUTE, INC., DEMETRIA | ) | |
| SHAW, CAROLINE MASON, and | ) | |
| RALPH FITZGERALD, | ) | |
| Defendants | | |

## COMPLAINT

COMES NOW the Plaintiff, by and through the undersigned counsel, and for this her Complaint would state as follows:

### JURISDICTION AND PARTIES

1. The Plaintiff is a resident and citizen of Desoto County, Mississippi. Defendant Delta Technical College, LLC (Delta Tech) is a Mississippi Limited Liability Company who may be served with process through their registered agent, David F. Delgado, at 5779 Getwell Road, Building D, Suite 5, Southaven, MS 38671. Defendant Midwest Technical Institute, Inc., (Midwest Tech), is an Illinois corporation registered to do business in the State of Mississippi, and the parent corporation of Defendant Delta Tech, and may be served with process through its registered agent, David F. Delgado, at 5779 Getwell Road, Building D, Suite 5, Southaven, MS 38671. Defendants

Shaw, Mason, and Fitzgerald, upon information and belief, are residents of Desoto County, Mississippi.

2. This matter is brought under Titles III and V of the Americans with Disabilities Act, as amended; the Rehabilitation Act of 1973, as amended; 42 U.S.C. § 1985; and Mississippi common law. This Court thus has jurisdiction over the subject matter of this cause under 28 U.S.C. § 1331. This Court has jurisdiction over the parties by virtue of either their residence in the state or the Mississippi Long Arm Statute. This Court has supplemental jurisdiction over Plaintiff's Mississippi State Law claims under 28 U.S.C. § 1367. All the events giving rise to this Complaint took place in Desoto County, Mississippi, thus, venue is proper in this Court and this Division.

## GENERAL ALLEGATIONS OF FACT

3. Plaintiff enrolled in Defendant Delta Tech's cosmetology program on or about March 18, 2014. At all times that Plaintiff was therein enrolled, Demetria Shaw (hereinafter Shaw) was the lead instructor in that program, and Caroline Mason (hereinafter Mason) was an instructor therein. Ralph Fitzgerald (hereinafter Fitzgerald) was an administrator at Delta Tech. Defendants Delta Tech and Midwest Tech participate in and affect interstate commerce by participating in cross-state capital flows.

4. Since 2007, Plaintiff has suffered from arthritis, severe nerve damage, and pain caused by a spinal fusion operation which left her with two titanium

rods in her back. Plaintiff is unable to either stand or sit for periods in excess of two hours, and sometimes less.

5. Plaintiff was advised by her doctor in 2007 to avoid many different activities, in relevant part, to avoid either sitting or standing for long periods of time. No physician has since lifted her activity restrictions.

6. Plaintiff discussed her activity restrictions with Shaw and secured accommodation during her enrollment in Delta Tech's cosmetology program, to wit: that she would be permitted to stand or sit as necessary, even when activities called for one or the other. Shaw, on behalf of Delta Tech and Midwest Tech, agreed to this accommodation. From Plaintiff's enrollment until June 2014, the Plaintiff had no issues with her accommodation under an instructor not party to this matter, Dee Stinson.

7. On or about June 17, 2014, Mason, on behalf of Delta Tech and Midwest Tech, announced a "no-sitting" rule in the student salon portion of the cosmetology department. When Plaintiff attempted to sit, in accordance with her accommodation, Mason, on behalf of Delta Tech and Midwest Tech, ordered her to stand.

8. Plaintiff approached Shaw regarding this matter on or about June 19, 2014, and Shaw, on behalf of Delta Tech and Midwest Tech, promised to direct Mason to respect the Plaintiff's accommodation.

9. On or about June 26, 2014, the Plaintiff was assigned to the "dispensary" – supplying the student salon floor. Mason, on behalf of Delta Tech and

Midwest Tech, directed the Plaintiff and other students not to sit while in the dispensary, even if they were not actively filling a supply request.

10. On or about June 28, 2014, the Plaintiff was working in the student salon, and had brought her children in to receive haircuts and manicures, in order to partially fulfill her monthly client quota. While her children were waiting for their services to be complete, instructor Darlene Beard advised the Plaintiff that Mason, on behalf of Delta Tech and Midwest Tech, had instructed her to remove her children from the salon. Similarly situated students who were not disabled are routinely allowed to have their children waiting in the student salon.

11. On or about July 16, 2014, Shaw advised the Plaintiff that she was below standard for contact hours to continue in the program. Several of the Plaintiff's absences were related to her disability, but Fitzgerald, on behalf of Delta Tech and Midwest Tech, refused to accommodate the Plaintiff's disability, and refused to engage in an iterative process to determine a reasonable accommodation.

12. On or about July 16, 2014, Defendant Delta Tech instituted a rule requiring students to work a week at a time in the dispensary. Combined with Mason's rule forbidding sitting in the dispensary, these rules were an attempt to retaliate against Plaintiff for exercising her rights and engaging in protected conduct.

13. Students in Delta Tech's cosmetology program are assigned "sanitation" tasks to clean up the work area each day. In March of 2014, Plaintiff had no assignment. In April of 2014, Plaintiff was assigned to clean the tables in the student lounge. In May of 2014, Plaintiff had no assignment. In June of 2014, Plaintiff was assigned to wipe down pedicure chairs. In July of 2014, after she engaged in protected conduct, the Plaintiff was assigned to mop the front section, which activity is forbidden by her work restrictions. The Defendants were aware that Plaintiff was not physically capable of mopping.
14. On at least one occasion, Defendant Mason told Plaintiff that it was impossible to be a cosmetologist without standing for long periods of time, an assertion both untrue and intended to inflict emotional distress on the Plaintiff.
15. On or about July 17, 2014, the Plaintiff abandoned her educational program due to the discriminatory and retaliatory acts of the Defendants.

## COUNT I – DISCRIMINATION IN ACCESS TO PUBLIC ACCOMMODATIONS UNDER TITLE III OF THE ADA

16. Plaintiff re-alleges the foregoing as if recited verbatim herein.
17. Plaintiff had a right to be free from discrimination in her ability to access public accommodations under Title III of the Americans with Disabilities Act, as amended.
18. The Defendant's actions in refusing to accommodate the Plaintiff's disability discriminated against her on the basis of her disability. Specifically, Mason's

actions in refusing to follow Plaintiff's agreed-upon accommodation; Shaw's failure to correct Mason's discriminatory actions, and Fitzgerald's refusal to engage in an iterative process to reasonably accommodate Plaintiff's disability, all of which were done on behalf of Defendant, constitute discrimination in access.

19. As a direct and proximate cause of the Defendants' discriminatory actions, Plantiff has suffered economic losses in that she has paid tuition and incurred student loans, which may not be recouped due to the Defendants' discriminatory actions.

20. Plaintiff therefore seeks equitable relief, to include disgorgement of all monies paid by her or on her behalf by third parties to Defendant Delta Technical College, attorneys' fees and costs, declaratory judgment, injunctive relief, and all other equitable relief to which she may be entitled.

COUNT II – DISCRIMINATION IN ACCESS BY A FEDERALLY-FUNDED PROGRAM UNDER SECTION 504 OF THE REHABILITATION ACT

21. Plaintiff re-alleges the foregoing as if recited verbatim herein.

22. Defendant is a federally-funded program due to its receipt of Department of Education student loans.

23. Plaintiff had a right to be free from discrimination in her ability to access federally-funded programs under Section 504 of the Rehabilitation Act of 1975.

24. The Defendant's actions in refusing to accommodate the Plaintiff's disability discriminated against her on the basis of her disability. Specifically, Mason's actions in refusing to follow Plaintiff's agreed-upon accommodation; Shaw's failure to correct Mason's discriminatory actions, and Fitzgerald's refusal to engage in an iterative process to reasonably accommodate Plaintiff's disability, all of which were done on behalf of Defendant, constitute discrimination in access.

25. The Defendant's actions were taken with deliberate indifference to the Plaintiff's disability, justifying the imposition of compensatory damages. Specifically, the fact that the Plaintiff repeatedly sought to resolve her complaints informally and via friendly consultation, but the Defendants refused to accommodate her, proves that the Defendants were deliberately indifferent. In particular, the fact that the parties had agreed to a reasonable accommodation, which Mason, Shaw, and Fitzgerald then saw fit to ignore, on behalf of Delta Tech and Midwest Tech, despite Plaintiff's protests, shows their deliberate indifference.

26. As a direct and proximate cause of the Defendants' discriminatory actions, Plantiff has suffered economic losses in that she has paid tuition and incurred student loans, which may not be recouped due to the Defendants' discriminatory actions; she has suffered mental and emotional anguish; and she has suffered physical pain and suffering caused by her attempts to comply with Mason's demands contrary to her accommodation.

27. Plaintiff therefore seeks equitable relief, to include refunds of all monies paid by her or on her behalf by third parties to Defendants Delta Technical College or Midwest Technical Institute, attorneys' fees and costs, declaratory judgment, injunctive relief, and all other equitable relief to which she may be entitled; and compensatory damages in an amount to be proven at trial.

COUNT III – RETALIATION FOR PROTECTED ACTIVITY UNDER TITLE V OF THE ADA AND THE REHABILITATION ACT

28. Plaintiff re-alleges the foregoing as if recited verbatim herein.
29. Plaintiff had a right to be free from retaliation for protected activity under Title V of the Americans with Disabilities Act, as amended, and under the Rehabiliatation Act of 1975.
30. Plaintiff engaged in protected activity by seeking accommodation for her disability and asking to have her approved accommodation honored and respected.
31. The Defendant's actions were retaliatory in nature. Specifically, the Defendant's actions in changing the dispensary schedule, assigning Plaintiff a sanitation activity she was not physically capable of completing, directing her to remove her children from the student salon, and refusing to accommodate her health-care related absences were retaliatory. Because the Defendants knew of Plaintiff's disability, their retaliatory actions were the product of deliberate indifference, justifying the imposition of compensatory damages.

32. As a direct and proximate cause of the Defendants' discriminatory actions, Plantiff has suffered economic losses in that she has paid tuition and incurred student loans, which may not be recouped due to the Defendants' discriminatory actions; she has suffered mental and emotional anguish; and she has suffered physical pain and suffering caused by her attempts to comply with Mason's demands contrary to her accommodation.

33. Plaintiff therefore seeks equitable relief, to include refunds of all monies paid by her or on her behalf by third parties to Defendants Delta Technical College or Midwest Technical Institute, attorneys' fees and costs, declaratory judgment, injunctive relief, and all other equitable relief to which she may be entitled; and compensatory damages in an amount to be proven at trial.

## COUNT IV – PROMISSORY ESTOPPEL

34. Plaintiff re-alleges the foregoing as if recited verbatim herein.

35. Defendant, through Shaw, made representations to her that her disability would be accommodated.

36. Plaintiff relied on that representation, continuing in her program, despite Mason's discriminatory animus, believing that Defendant, through Shaw, would fulfill their obligations and live up to their representations.

37. Defendants' actions have been willful and shock the conscience, to warrant the imposition of liquidated and punitive damages.

38. As a direct and proximate cause of her reliance on Defendant's representations, Plaintiff has suffered mental anguish and emotional pain

and suffering; physical pain and suffering based on her attempts to fulfill Mason's discriminatory edicts; and economic losses.

39. Plaintiff therefore seeks compensatory, liquidated, and punitive damages in an amount to be proven at trial.

## COUNT V – CONSPIRACY TO DEPRIVE OF CIVIL RIGHTS IN VIOLATION OF 42 U.S.C. § 1985

40. Plaintiff re-alleges the foregoing as if fully set out herein.
41. Plaintiff has a right to enjoy the rights and privileges of a United States citizen, including the right to be free from disability discrimination and retaliation in access to public accommodations and federally-funded programs.
42. Defendants Shaw, Mason, and Fitzgerald conspired to discriminate and retaliate against Plaintiff on the basis of her disability and her protected activity based on her disability.
43. Defendants Shaw, Mason, and Fitzgerald acted in furtherance of this conspiracy by taking the following actions: refusing to follow Plaintiff's accepted, reasonable accommodation; promising to respect her accommodation but refusing to do so; imposing new rules that violated Plaintiff's accommodation; changing the dispensary schedule; assigning Plaintiff a sanitation activity she was physically incapable of performing; refusing to accommodate her disability-related absences; ordering her to remove her children from the student salon.

44. Defendants Shaw, Mason, and Fitzgerald acted in their own self interests and contrary to the interests of Delta Tech or Midwest Tech when engaging in this conspiratorial activity.

45. As a direct and proximate cause of the actions and omissions of Defendants Shaw, Mason, and Fitzgerald, Plaintiffs have suffered severe mental and emotional distress, lost wages, lost fringe benefits, lost earning capacity, and has incurred medical expenses which would not otherwise have been incurred.

46. The acts of Shaw, Mason, and Fitzgerald have been in willful, intentional, and malicious violation of the law and are so egregious so as to warrant the imposition of punitive damages.

47. Plaintiff therefore seeks declaratory judgment, compensatory and punitive damages in an amount to be proven at trial, attorneys' fees and costs, and any other relief to which she may be entitled.

COUNT VI: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

48. Plaintiff re-alleges the foregoing as if recited verbatim herein.

49. Plaintiff was not an employee of any of the Defendants.

50. Shaw, Mason, and Fitzgerald's actions, approved and endorsed by Delta Tech and Midwest Tech, were so outrageous in character, and extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

51. Specifically, the fact that Shaw agreed to support Plaintiff in accommodating her disability, including promising to end the harassment, discrimination, and retaliation, but not doing so; that Mason explicitly ignored the Plaintiff's accommodation, and imposed rules designed to make it impossible for her to complete the program; and directed her to remove her children from the student salon when no other student was so directed; and informed her that it was impossible to be a cosmetologist with the Plaintiff's disability; that Fitzgerald ignored Plaintiff's request to engage in an iterative process for her disability; and that all of this was done after Shaw had repeatedly promised that Delta Tech would honor Plaintiff's accommodation, was intentional, atrocious, and beyond any bounds of a civilized community.

52. Defendants Delta Tech and Midwest Tech benefited from the individual Defendants' actions in intentionally inflicting emotional distress on Plaintiff.

53. As a direct and proximate cause of the Defendants' egregious and atrocious actions, the Plaintiff suffered severe emotional anguish and distress.

54. Defendants' actions were so egregious as to warrant the implication of punitive damages.

55. Plaintiff therefore respectfully requests compensatory and punitive damages in an amount to be proven at trial, attorneys' fees and costs, and any other proper relief to which she may be entitled.

COUNT VII – NEGLIGENT SUPERVISION

56. Plaintiff re-alleges the foregoing as if recited verbatim herein.

57. Defendants Shaw, Fitzgerald, Delta Tech, and Midwest Tech failed to appropriately supervise Mason. Specifically, a reasonable supervisor would have directed Mason to respect Plaintiff's accommodation when her failure to do so was brought to their attention; the Defendants' failure to do so is negligent.

58. As a direct and proximate cause of the Defendants' negligence, Plaintiff suffered economic damages in an amount to be proven at trial and mental anguish and emotional distress.

59. The Defendants' negligence rises to the level to shock the conscience, and thus justifies the imposition of punitive damages

60. Plaintiff therefore respectfully requests economic and compensatory damages, punitive damages, attorneys' fees and costs, and all other relief to which she may be entitled.

## COUNT VIII: NEGLIGENT RETENTION

61. Plaintiff re-alleges the foregoing as if recited verbatim herein.

62. Defendants Shaw, Fitzgerald, Delta Tech, and Midwest Tech negligently retained Mason. Specifically, a reasonable employer would have terminated Mason for insubordination after she ignored the employer's directive to respect Plaintiff's accommodation.

63. As a direct and proximate cause of Defendants' negligence, Plaintiff has suffered economic damages in an amount to be proven at trial and mental anguish and emotional distress.

64. Defendants' actions have been so egregious as to shock the conscience and therefore justify the imposition of punitive damages.

65. Plaintiff therefore respectfully requests economic and compensatory damages in an amount to be proven at trial, punitive damages, attorneys' fees and costs, and all other relief to which she may be entitled.

## COUNT IX: UNJUST ENRICHMENT

66. Plaintiff re-alleges the foregoing as if recited verbatim herein.

67. Defendants Delta Tech and Midwest Tech have received and enjoyed the use of funds expended by Plaintiff and by third parties on Plaintiff's behalf.

68. They have retained these funds despite the actions of Shaw, Mason, and Fitzgerald in unlawfully driving the Plaintiff out of her educational program.

69. They have been enriched by these funds despite their agents' atrocious and unlawful acts.

70. Plaintiff therefore respectfully requests that Defendants Delta Tech and Midwest Tech be ordered to disgorge the funds paid to them by Plaintiff or by third parties on her behalf, or in the alternative, that they be ordered to maintain those funds in a constructive or equitable trust for the benefit of Plaintiff; for attorneys' fees and costs, and all other relief to which Plaintiff may be entitled.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests:

declaratory judgment; equitable relief, including disgorgement, attorneys' fees and costs, the declaration of a constructive or equitable trust, and injunctive relief;

economic, compensatory and punitive damages in an amount to be proven at trial; and any other relief to which she may be entitled.

               RESPECTFULLY SUBMITTED,

               **/s Matthew Reid Krell**
               Matthew Reid Krell (MSB# 103154)
               The University of Alabama
               Department of Political Science
               1805 8th Ave., #121
               Tuscaloosa, AL 35401
               matthewrkrell@gmail.com
               662-469-5342