# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

SHIQUITA BRACEY                                                                          PLAINTIFF

v.                                                           CIVIL ACTION NO. 3:14-CV-00238-MPM-SAA

DELTA TECHNICAL COLLEGE, LLC, *et al.*,                                    DEFENDANTS

## ORDER DENYING PETITION TO INTERVENE

American States Insurance Company ("ASIC"), insurer of defendants Midwest Technical Institute, Inc. d/b/a Delta Technical College, seeks to intervene under Federal Rule of Civil Procedure 24 to obtain a determination of whether coverage exists under the policy issued to defendants. Docket 25. Defendants oppose the Petition to Intervene because ASIC is defending this action under a full reservation of rights, its liability is dependent upon the outcome of the case, and therefore it does not have a sufficient interest to justify intervention. Docket 29. After reviewing the motion, response and reply, as well as thoroughly researching this issue, the court concludes that the Petition to Intervene should be DENIED.

In the Petition to Intervene, which did not include citations to case law or other authority in support, ASIC asserts that "it is obvious that intervention [sic] should be allowed so American States Insurance Company might be allowed to address these issues of coverage and not be required to duplicate discovery in a separate matter." Docket 25, p. 2. ASIC claims that it has an interest relating to the property or transaction that is the subject of this litigation, and that disposal of the case without it may impair or impede its ability to protect its interests. *Id.* at 1. ASIC has provided defendants a defense under a full reservation of rights, taking the position that coverage does not exist under the policy for the claims alleged, and if coverage does exist, it

is limited, and ASIC's obligations "fully depend on the facts, allegations and discovery in the underlying case." *Id.* at 2. In its Reply, ASIC invokes Rule 24(a)(2), which states:

> On timely motion, the court must permit anyone to intervene who:
> . . . (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

ASIC claims that the cost of defense it currently is bearing, as well as the indemnity and other coverage issues, are sufficient interests relating to the claims involved in the litigation to require that intervention be allowed. Docket 35, p. 2.

Alternatively, ASIC requests that the court exercise its discretion and allow permissive intervention via Rule 24(b)[1] because the "claims and defenses implicated in the Complaint for Declaratory Judgment share with the underlying civil action common questions of law or fact." Docket 35, p. 3. However, ASIC neither identifies which questions of law or fact are common, nor addresses anywhere in its Petition or Reply the timeliness issue that is a basic premise of Rule 24.

Defendants point to the Fifth Circuit decision in *Ross v. Marshall,* 456 F.3d 442 (5th Cir. 2006) for their argument that ASIC's defense of the case under a full reservation of rights means it does not have a sufficient interest in the liability lawsuit as it is. Docket 29, p. 2. As the Circuit said in *Ross,*

> [b]y definition, an interest is not direct when it is contingent on the

---

[1] "On timely motion, the court may permit anyone to intervene who:
 (A) is given a conditional right to intervene by a federal statute; or
 (B) has a claim or defense that shares with the main action a common question of law or fact."

2

> outcome of a subsequent lawsuit. An insurer who defends its
> insured under a full reservation of rights provides a defense in the
> liability action, but reserves the right to contest coverage later.
> When an insurer defends under a full reservation of rights, their
> interest in the liability lawsuit is contingent upon the outcome of
> the coverage lawsuit. That interest, without more, is insufficient
> for intervention.

456 F.3d at 443. In *Ross* the insurer was allowed to intervene on appeal to challenge an adverse liability judgment entered against its insured. ASIC contends defendants' reliance upon *Ross* is misplaced because the broader questions of the coverages afforded under the policy at issue and the insurer's duty to defend were not present. *Id.* at 2. However, ASIC's argument fails to appreciate that the insurer in *Ross* had defended under a full reservation of rights in the lower court, and it was only allowed to intervene on appeal because it since had elected to defend under a limited reservation of rights, accepting coverage for its insured's negligent conduct. *Ross*, 456 F.3d at 443-44. Because the insurer at that point was defending under a limited reservation of rights and had accepted coverage for the negligent conduct, the Fifth Circuit held that it had a direct interest in the liability lawsuit at the appeal level. *Id.* at 444. AISC is defending under a full reservation of rights and, according to Fifth Circuit precedent, does not have an interest sufficient to intervene pursuant to Rule 24(a).

Furthermore, ASIC's Petition to Intervene is untimely. In the Fifth Circuit a court must consider the following factors when evaluating whether a motion to intervene was timely:

> (1) The length of time during which would-be intervenor actually
> or reasonably should have known of his interest in the case before
> he petitioned for leave to intervene.
>
> (2) The extent of prejudice that existing parties to the litigation
> may suffer as result of the would-be intervenor's failure to apply
> for intervention as soon as he actually knew or reasonably should
> have known of his interest in the case.

> (3) The extent of the prejudice that would-be intervenor may suffer if his petition for leave to intervene is denied.
>
> (4) The existence of unusual circumstances militating either for or against a determination that the application is timely.

*Stallworth v. Monsanto Co.*, 558 F.2d 257 (5th Cir. 1977). The complaint in this action was filed on November 7, 2014 [Docket 1], but ASIC did not file its Petition to Intervene until ten months later on August 5, 2015. Although the briefs make clear that the parties have been discussing coverage issues for an extended period, ASIC has offers no explanation for its failure to timely pursue what it now presents as a necessary remedy.

As to the second factor, the current discovery deadline is November 20, 2015. Allowing an additional party at this late stage of the litigation would certainly prejudice the plaintiff and defendants, who have been heavily involved in discovery since March, 2015. As to the third factor, ASIC claims it will be prejudiced because it will have to continue providing a defense until the separate declaratory judgment action is resolved, and none of the parties presently involved in the litigation represents its interest with regard to the defense costs. This argument could be made in every case that involves the provision of defense costs under full reservation of rights. The court is not persuaded that the "prejudice" to ASIC under these circumstances is any more than a common consequence of what is, in essence, a business decision.

Finally, there do not appear to be any unusual circumstances that apply to this case. This is a very typical case where an insurer has denied coverage, but has rested on its laurels until too late in the game to intervene. Because the factors weigh against intervention at this late stage of the litigation, the undersigned finds that the Petition to Intervene is untimely as to both an intervention of right and a permissive intervention. ASIC's Petition to Intervene is DENIED.

This, the 2nd day of October, 2015.

                                                                            /s/ S. Allan Alexander  
                                                                    UNITED STATES MAGISTRATE JUDGE