BdriskellIN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**SHIQUITA BRACEY**                                                                                       **PLAINTIFF**

**v.**                                                                  **CIVIL ACTION NO. 3:14-CV-00238-MPM-SAA**

**DELTA TECHNICAL COLLEGE, LLC,** *et al.,*                                          **DEFENDANTS**

## ORDER DENYING MOTION TO COMPEL

Defendant Caroline Mason seeks an order compelling plaintiff to supplement discovery responses and to admit requests for admissions, as well as for attorney's fees associated with filing the motion. Docket 52. Mason asserts that plaintiff's responses are "evasive, failed to admit what is requested, and/or incomplete." Docket 53, p. 2. Each of the discovery requests at issue is addressed below.

Interrogatories 1 and 2: Defendant objects to plaintiff's responses asserting that her objections are improper and that her responses are vague, evasive and non-responsive. Docket 53, p. 4-5. However, a review of plaintiff's responses evidences that plaintiff actually answered the interrogatories to the best of her knowledge. Her response to the motion to compel states that "she could not fully remember all the times she asked for what she understands an accommodation request to be. . . . From a practical standpoint, even without the objection, the Plaintiff does not have further information at this time to provide." Docket 61, p. 3. If she does not remember specific dates and times that she requested accommodations or that defendant failed to accommodate her disabilities, the court cannot order her to provide that information. Defendant's motion as to Interrogatories 1 and 2 is DENIED.

Interrogatory 3: Defendant seeks plaintiff to identify the percentage of impairment that

each of plaintiff's disabilities cause her body as a whole, as well as a statement of whether she suffered from these disabilities at the time of her application. As to the percentage of impairment, plaintiff objected to that portion of the Interrogatory as she is not a physician. The court agrees. A lay person does not have knowledge of the percentage of impairment a disability causes to the body as a whole. Defendant's Motion to Compel as to the percentage of impairment is DENIED. However, plaintiff must supplement this response to state whether she suffered from the listed disabilities at the time of her enrollment at Delta Tech.

Requests for Admission 11 and 12: Defendant objects to plaintiff's response to Request for Admission 11, which provided an admission and a clarification of the admission. Plaintiff's response explained she did not list her scoliosis diagnosis on her health affidavit form because there was not a place to provide the diagnosis. Similarly, defendant objects to plaintiff's response to Request for Admission 12 which provided an admission and the explanation that the form did not contain a box to mark any mental health issues. Docket 53, p. 7. Federal Rule of Civil Procedure 36(a)(4) specifically allows a party to qualify an answer when good faith so requires. Plaintiff's responses are proper and comply with Rule 36. A review of the "Health Affidavit Screening" evidences that there is no place to list a scoliosis diagnosis or a mental health illness. Defendant might argue that other illnesses/diagnoses listed could have been checked in the place of these specific health issues, but there is not sufficient evidence to require plaintiff to change her responses. Defendant is welcome to question plaintiff concerning these Requests and any believed insufficiencies at trial. Defendant's Motion to Compel as to Requests for Admission 11 and 12 is DENIED.

Request for Admission 13: Defendant's Request for Admission 13 asks plaintiff to

"[a]dmit that you did not list your back pain issues on the health affidavit you filled out at Delta Technical College, LLC." Docket 53, p. 8. Plaintiff responded, "Denied as worded. Noted arthritis and hypertension on form." Defendant objects to plaintiff's response and asserts that because plaintiff's complaint alleges that her arthritis prevents her from standing or sitting for long periods of time, she should have noted that she had restrictions on standing and sitting on the Health Affidavit Screening. Although it may be argued that plaintiff should have indicated issues with standing and/or sitting on her Health Affidavit Screening, Request for Admission 13 does not mention standing or sitting. Instead, it seeks an admission that plaintiff did not list her back pain issues on the health affidavit. Plaintiff believes she did because she identified her arthritis which is the cause of her back issues. Nonetheless, defendant seeks to expand its Request for Admission to include sitting and standing which the actual question does not include. Therefore, defendant's Motion to Compel as to Request for Admission 13 is DENIED.

Defendant seeks attorney's fees incurred in filing the motion to compel. Rule 37(d)(3) requires the party failing to act to pay the reasonable expenses, including attorney's fees unless the failure was substantially justified or other circumstances make an award of expenses unjust. At this stage of discovery and because defendant's motion was not substantially justified, the court is of the opinion that an award of expenses and attorney's fees would be unjust.

This, the 7th day of December, 2015.

/s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE