IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

SHIQUITA BRACEY                                                                                          PLAINTIFF

v.                                                    CIVIL ACTION NO. 3:14-CV-00238-MPM-SAA

DELTA TECHNICAL COLLEGE, LLC, *et al.*,                                                  DEFENDANTS

## ORDER DENYING MOTION TO COMPEL

Defendant Demetria Shaw asks the court to compel plaintiff Shiquita Bracey to supplement Bracey's responses to four Requests for Admissions that Shaw asserts Bracey should have admitted based upon documents provided to Bracey. Docket 54. Additionally, Shaw seeks attorneys' fees incurred in filing the Motion to Compel. *Id.*

The Requests for Admissions concern Bracey's physical abilities while she was enrolled at Delta Technical College. Shaw believes Bracey's responses conflict with the Health Affidavit/Screening which Bracey completed on March 11, 2014. Docket 56, Exhibit 2. Specifically, Shaw asks that Bracey be compelled to admit that she did not have problems standing, bending and stooping while she was enrolled at Delta Technical College and that, at the time she enrolled at Delta Technical College, LLC, she was physically capable of completing the program. Docket 56, pp. 2-3. According to Shaw, plaintiff's denial of these admissions contradicts her Health Affidavit/Screening. Bracey says that although she did in fact have problems standing, bending and stooping at the time, she nevertheless was physically capable of completing the essential elements of the program. Docket 63, p. 3-4. Because the Health Affidavit/Screening required plaintiff to affirm that she did not "have any physical, mental, dental or other impairment(s) that would interfere with [her] ability to participate in classroom lectures, lab sessions, hands-on exercises, . . ." [Docket 56, Exhibit 2], says plaintiff, the Health

Affidavit/Screening required her to identify only health problems that would interfere with her ability to participate in the program.  Docket 63, p. 5.  In addition, the Requests for Admissions addressed *any* issues with standing, bending, or stooping, and the Health Affidavit/Screening *only* addresses issues that would interfere with her ability to participate in the program.  *Id.* Thus, Bracey contends her denials are proper because she does in fact have problems with these postural activities.

A review of plaintiff's responses to the Requests for Admissions, as well as her Responses to the Motion to Compel (Docket ## 62, 63), convinces the court that plaintiff answered the Requests for Admissions to the best of her knowledge, but she clearly has a different interpretation of the intent of the Health Affidavit/Screening questions from that of defendants.  Just as in the Motion to Compel filed by Caroline Mason, the court cannot order plaintiff to alter responses to Request for Admissions if the responses would then be untruthful.  There is no doubt that plaintiff claims to suffer from various physical impairments and has even sought social security benefits as a result of the alleged impairments.  Defendant may question plaintiff at trial concerning the any alleged discrepancies between her Health Affidavit/Screening and her Responses to the Requests for Admissions at trial.  However, the court finds that Bracey's responses are sufficient under the circumstances, and there is an arguable basis that they do not contradict the Health Affidavit/Screening.  Defendant's Motion to Compel, as well as her request for an award of attorney's fees are DENIED.

This, the 17th day of December, 2015.

    /s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE