IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

SHIQUITA BRACEY                                                                         PLAINTIFF

V.                                                  CIVIL ACTION NO. 3:14CV238-MPM-SAA

DELTA TECHNICAL COLLEGE, et al.                                DEFENDANTS

ORDER GRANTING IN PART AND
DENYING IN PART MOTION FOR SANCTIONS

Plaintiff moved for sanctions against defendants for filing two meritless motions to compel and for improperly communicating with a deponent during a deposition. Docket 81. Plaintiff seeks sanctions under Federal Rule of Civil Procedure Rule 37(a)(5)(B). The first motion filed by defendant Caroline Mason sought to compel more complete responses to certain interrogatories and requests for admission. Docket 52. The court denied the Motion to Compel and found that it was not substantially justified. Docket 73, p. 3. The second motion to compel presented a substantively similar request filed on behalf of defendant Demetria Shaw. Docket 54. The court also denied the second Motion to Compel. Docket 77.

If a motion to compel is denied, Rule 37(a)(5)(B) requires the court to award the non-movant "reasonable expenses incurred in opposing the motion, including attorney's fees," *unless* the motion was "substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(a)(5)(b). If the discovery dispute "is genuine, though ultimately resolved" in favor of the non-movant, the "losing party is substantially justified in carrying the matter to court." FED. R. CIV. P. 37(a)(4) Advisory Committee's note (1970). Because neither of

1

defendant's motions to compel were substantially justified, plaintiff's Motion for Sanctions as to the motions to compel is **GRANTED**. Plaintiff is awarded reasonable expenses, including attorney's fees, she incurred in both opposing the two motions and filing the current motion for sanctions. Plaintiff is directed to submit by March 17, 2016, an itemization of all reasonable fees and expenses incurred in responding to the motions to compel and preparing and filing this motion. Defendants have until March 24, 2016 to either object to the reasonableness of the itemization or tender the amount claimed to plaintiff.

## DEPOSITION CONDUCT

Plaintiff also seeks sanctions under Fed. R. Civ. P. 30(d)(2) for defense counsel Jamie Travis's conduct during the deposition of defendant Delta Technical College's 30(b)(6) designee, Ralph Fitzgerald. Docket # 81. During a deposition recess, Travis privately conferred with Fitzgerald regarding a document that had been presented to Fitzgerald by plaintiff's counsel. Docket # 59. Plaintiff's counsel later inquired as to the substance of the conversation, but Travis instructed Fitzgerald not to answer. Docket # 59, Docket 81, exhibit 2, p. 7-8. The court, via telephonic hearing, ruled that plaintiff's counsel may question the 30(b)(6) designee about the conversation. Docket # 59. As a remedy, plaintiff requests an adverse-inference jury instruction and an award of costs associated with the deposition. Docket # 82.

Rule 30 "vest[s] the district court with broad discretion to tailor discovery." *Kitchen v. Dallas County*, 759 F.3d 468, 478. In the remedial context, Rule 30(d)(2) permits an award of reasonable expenses and attorney's fees where a party "impedes, delays, or frustrates the fair examination of the deposition." FED. R. CIV. P. 30(d)(2). Courts have held that during a deposition, "[t]he interrogating counsel has the right to the deponent's answers, not an attorney's

2

answers." *In re Stratosphere Corp. Securities Litigation*, 182 F.R.D. 614, 621 (D. Nev. 1998). Naturally, then, the Federal Rules of Civil Procedure condemn "coaching the witness by telling the witness what to say or how to answer a specific question." *Id.* Unless initiated for the purpose of asserting a privilege, deponent-attorney conferences are "prohibited both during the deposition and during recesses," *Hall v. Clifton Precision*, 150 F.R.D. 525, 529 (E.D. Pa. 1993); *Plaquemines Holdings, LLC v. CHS, Inc.*, No. 11-3149, 2013 WL 1526894, at *6 (E.D. La. Apr. 11, 2013).

Nevertheless, the court finds that an adverse-inference jury instruction is inappropriate here. The alleged discovery misconduct solely concerns defendant's counsel Jamie Travis– not defendant. Imposing so harsh a sanction punishes defendant for defense counsel's actions. Plaintiff's counsel agrees. In his memorandum in support of the motion for sanctions, plaintiff's counsel declares, "the proper target for sanctions is defense counsel." Docket 82. Plaintiff's motion for an adverse inference is **DENIED.**

However, the degree to which defense counsel's conduct contravened the spirit of the Federal Rules of Civil Procedure compels the conclusion that monetary sanctions are appropriate. *See, e.g., Schaffhauser v. United Parcel Service, Inc.*, No. 4:12-CV-00599, 2014 WL221963, at *2 (E.D. Ark. Jan. 21, 2014) (awarding $500 for improper coaching during a deposition); *Cordova v. U.S.*, No. CIV 05-563, 2006 WL 4109659, at *4 (D.N.M. July 30, 2006) (awarding $1,000 for costs incurred in responding to lawyer's "off the record conferences" with expert witness deponent). Mr. Travis, who has been licensed to practice law and engaging in litigation in Mississippi for fifteen years, surely should have been aware of this very basic, well-established rule. Plaintiff's motion for sanctions as to the improper conference during the deposition is

3

**GRANTED**.  The court imposes a monetary sanction of $500.00, which must be paid by attorney Jamie Travis to plaintiff to offset fees incurred by plaintiff in the taking of the deposition, obtaining a ruling from the court and filing this motion.  This sanction must not be paid by defendant.

SO ORDERED, this, the 9th day of March, 2016.

                                                     s/ S. Allan Alexander
                                                UNITED STATES MAGISTRATE JUDGE